Filed 11/22/21  P. v. McDaniel CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HAROLD PHILLIPS McDANIEL,<br><br>    Defendant and Appellant. | B306957<br><br>(Los Angeles County<br>Super. Ct. No. NA006099) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County. Gary J. Ferrari, Judge. Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda Lopez and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# MEMORANDUM OPINION[1]

Harold Phillips McDaniel appeals the summary denial of his petition for resentencing under Penal Code section 1170.95.[2] The parties agree that because the record of conviction does not demonstrate appellant is ineligible for relief as a matter of law, the trial court summarily denied the petition in error. We agree and remand the matter to the trial court for further proceedings, including the issuance of an order to show cause and an evidentiary hearing in accordance with section 1170.95, subdivision (d).

Appellant and three codefendants beat a man to death in the early morning hours of January 1, 1991. Following a jury trial, all four men were convicted of second degree murder and sentenced to a term of 15 years to life in prison.

On March 11, 2019, appellant filed a petition for resentencing pursuant to section 1170.95 through retained counsel. The petition asserted appellant was entitled to relief because he was convicted on a natural and probable consequences theory of liability. In support of the petition, appellant attached copies of several instructions given to the jury, including the natural and probable consequences instruction, and portions of

---

[1] We resolve this case by memorandum opinion pursuant to standard 8.1 of the California Standards of Judicial Administration, because this appeal "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Admin., § 8.1(1).) In addition, the parties agree that the trial court's error requires reversal and remand.

[2] Undesignated statutory references are to the Penal Code.

the People's closing argument in which the prosecutor relied on the natural and probable consequences theory of culpability. On January 16, 2020, following briefing by the parties on the merits of the petition, the superior court conducted a hearing to determine whether appellant had stated a prima facie case for relief under section 1170.95.

On June 23, 2012, the superior court issued a written ruling in which it denied the petition on the ground that appellant is ineligible for relief under section 1170.95 as a matter of law. The court reasoned that relief under section 1170.95 is limited to those cases where felony murder and/or natural and probable consequences were the only theories of culpability upon which the defendant could have been convicted. The superior court concluded that because the prior appellate opinion on direct appeal contained sufficient evidence to support appellant's second degree murder conviction on a theory of express or implied malice, appellant is ineligible for resentencing relief under section 1170.95 as a matter of law.

Appellant and respondent agree that the superior court erred in denying the petition at the prima facie review stage based on its own evaluation of the evidence. Appellant's petition satisfied the criteria for a facially sufficient petition under section 1170.95, subdivisions (a) and (b), and the record of conviction did not demonstrate ineligibility for relief as a matter of law. The matter must therefore be remanded to the superior court for the issuance of an order to show cause and further proceedings in accordance with section 1170.95, subdivision (d). (*People v. Lewis* (2021) 11 Cal.5th 952, 971–972.)

The parties further agree that should the superior court conduct an evidentiary hearing pursuant to section 1170.95,

subdivision (d)(3), the prosecution will be required to prove beyond a reasonable doubt to the trial court as finder of fact that appellant is guilty of murder on a theory of murder that remains valid after Senate Bill No. 1437.  (*People v. Fortman* (2021) 64 Cal.App.5th 217, 225–226, review granted July 21, 2021, S269228.)

## DISPOSITION

The postjudgment order is reversed.  The matter is remanded to the superior court for the issuance of an order to show cause and further proceedings in accordance with Penal Code section 1170.95, subdivision (d).  If the trial court conducts an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3), the court, acting as an independent factfinder, must determine whether the prosecution has established beyond a reasonable doubt that the petitioner is guilty of murder on a theory of murder that remains valid after the changes in the law engendered by Senate Bill No. 1437 and is thus ineligible for relief.

NOT TO BE PUBLISHED.

LUI, P.J.        ASHMANN-GERST, J.        HOFFSTADT, J.